UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RODERICK HALES,

Petitioner,

v.                                                                Case No: 6:16-cv-1192-Orl-28TBS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,

Respondents.
_____/

## ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2254. Petitioner also filed a supporting Memorandum of Law ("Memorandum," Doc. 2). Respondents filed a Response to Petition ("Response," Doc. 10) in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner filed a Reply (Doc. 18) to the Response. For the reasons set forth herein, the Petition is denied.

### I. Procedural Background

The State Attorney of the Ninth Judicial Circuit charged Petitioner by amended criminal information in Orange County, Florida with one count of sexual battery with a deadly weapon or physical force (Count One), one count of attempted sexual battery with

a deadly weapon or physical force (Count Two), one count of kidnapping with intent to inflict bodily harm or terrorize (Count Three), and one count of aggravated battery causing great bodily harm (Count Four). (Doc. 10-1 at 17-19). A jury trial was held, and the trial court granted a judgment of acquittal as to Count Two. (Doc. 16-1 at 85). The jury found Petitioner guilty of the lesser included offenses of sexual battery (Count One), false imprisonment (Count Three), and battery (Count Four). (*Id.* at 155). The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of fifteen years as to Count One, five years as to Count Three, and to time-served as to Count Four, with the sentences as to Counts One and Three to run concurrently. (*Id.* at 109-16). Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal ("Fifth DCA"), which affirmed *per curiam*. (*Id.* at 178).

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which was later amended. (*Id.* at 182-24). Petitioner raised eleven claims, and the trial court entered an order denying claims one through six and eight through eleven, but granting an evidentiary hearing as to claim seven. (*Id.* at 388-410). After an evidentiary hearing, the trial court entered an order denying claim seven. (*Id.* at 544-49). Petitioner appealed the denial, and the Fifth DCA affirmed the denial. (Doc. 10-2 at 61-62). Petitioner then filed a petition for writ of habeas corpus, which the Fifth DCA denied. (*Id.* at 162).

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

The AEDPA governs the Petition. Under the AEDPA, if a claim was adjudicated on the merits in state court, habeas corpus relief can only be granted if the state court's adjudication results in one of two outcomes. It must have either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has stated that a "state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Moreover, a "state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. " *Id.* Section 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted) (quotations omitted).

3

## B. Standard for Ineffective Assistance of Counsel

The Supreme Court decision applicable to an ineffective assistance of counsel claim is *Strickland v. Washington*, 466 U.S. 668 (1984). *See Premo v. Moore*, 562 U.S. 115, 121 (2011). To make a successful claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *See id.* at 687-88. To make such a showing, a defendant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (quotation omitted).

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (quotation omitted). In light of the general principles and presumptions applicable to a claim of ineffective assistance of counsel, the cases in which a habeas petitioner can prevail are "few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*).

### III. ANALYSIS

#### A. Claim One

Petitioner states that the trial court erred by denying his motion for a mistrial. (Doc. 1 at 4). Petitioner argues that the trial court allowed "the prosecutor to elicit testimony from the allege[d] Victim, regarding [a] written statement made to the State Attorney prior to trial. However, the statement was not disclosed to the defense." (*Id.*).

This claim was raised on direct appeal, but Petitioner did not present the claim in terms of a deprivation of a federal constitutional right. Petitioner acknowledges that the claim was not raised in terms of a deprivation of a federal constitutional right. (Doc. 18 at 6).

Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). Hence, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting

5

that court to the federal nature of the claim."); *Snowden*, 135 F.3d at 735 (holding that "to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

Since Petitioner would be precluded from now raising this claim in the state courts, it is procedurally defaulted.[1] Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Claim One is denied.

B.  Claim Two

Petitioner states that he received ineffective assistance of appellate counsel based on the following: (1) counsel failed to argue that the State filed the amended information in order to circumvent the speedy trial rule; (2) counsel failed to argue that there was a *Brady* violation committed by the State; and (3) counsel failed to "federalize" his claims for purposes of federal review. (Doc. 1 at 6-10). These issues were raised in Petitioner's state petition for writ of habeas corpus.

---

[1] There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).

The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

 1. *Issue One*

Petitioner states that counsel failed to argue that the State filed the amended information in order to circumvent the speedy trial rule.

The Court finds that this claim is without merit. First, Petitioner attached to his state petition for writ of habeas corpus a letter from his appellate counsel indicating that the issue had been considered and was rejected as being without merit. (Doc. 10-2 at 105).

Next, the only demand for speedy trial contained in the record was contained within the Notice of Appearance of Counsel, Written Plea of Not Guilty, Waiver of Appearance at Arraignment, Notice of Intent to Participate in Discovery Process, Demand for Speedy Trial filed by Petitioner's counsel. (Doc. 10-1 at 9-10). However, this document was insufficient to serve as a demand for speedy trial. *See* Fla. R. Crim. P. 3.191(b) ("Speedy Trial Upon Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (g), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court **a separate pleading entitled "Demand for Speedy Trial,"** and serving a copy on the prosecuting authority). (Emphasis added). Petitioner's

counsel never filed a "separate pleading," but rather embedded the demand in another document, which was insufficient as a demand for speedy trial. *See Harris v. Tyson*, 267 So. 2d 390, 393 (Fla. 4th DCA 1972) ("petitioner's `request' for a speedy trial embodied within a written instrument entitled `Notice of Intention to Plead Not Guilty' does not constitute a proper `demand' within the meaning, spirit and intention of Rule 3.191.").

Finally, "[t]he provisions of rule 3.191 make it evident that the rule is not self executing: it requires the defendant to take certain steps to trigger application of rule 3.191(p)(3) which will either ensure a speedy trial or a discharge from the alleged crime." *State v. Gibson*, 783 So. 2d 1155, 1158 (Fla. 5th DCA 2001). The "filing of the notice of expiration pursuant to rule 3.191(h) is the trigger that invokes the procedural protections afforded by the speedy trial rule. But this triggering mechanism must be utilized timely or it will not work." *Id.* Petitioner's counsel did not file a notice of expiration of time. In fact, because Petitioner's counsel was still conducting depositions, he affirmatively moved for a continuance, waiving speedy trial.[2] This waiver occurred prior to the State filing the amended information.

As such, the Court finds that appellate counsel did not act deficiently with regard to this issue, and there has been no showing of prejudice. Issue One is denied.

---

[2] The motion to continue provided that "the defendant understands that speedy trial is waived upon granting of the motion." (Doc. 10-1 at 21).

2. *Issue Two*

Petitioner states that counsel failed to argue that there was a *Brady*[3] violation committed by the State. According to Petitioner, counsel should have argued that "the *Brady* violation resulted in the admission of collateral crime evidence which adversely prejudiced Petitioner in the eyes of the Jury." (Doc. 1 at 8). Specifically, Petitioner states that the victim made statements during trial that had not been revealed during discovery.

However, this issue is merely a rephrasing of the actual issue raised on direct appeal: that the trial court erred in failing to grant a motion for mistrial based on the State's failure to disclose to the defense certain statements made by the victim. Clearly, this issue was presented on direct appeal, and counsel was not ineffective for failing to raise additional arguments in support of the claim. *Rutherford v. Moore*, 774 So. 2d 637, 645 (Fla. 2000) ("if an issue was actually raised on direct appeal, the Court will not consider a claim that appellate counsel was ineffective for failing to raise additional arguments in support of the claim on appeal.").

As such, the Court finds that appellate counsel did not act deficiently with regard to this issue, and there has been no showing of prejudice. Issue Two is denied.

c. *Issue Three*

Petitioner states that counsel failed to federalize his claims for purposes of federal review. In particular, he states that counsel "did not cite in conjunction with his claim a

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

federal source of law on which he relied, nor did he label the claim federal, or otherwise indicate a federal law basis for his claim." (Doc. 1 at 10).

Appellate counsel's failure to make an argument based on the Federal Constitution as well as the State Constitution does not establish ineffective assistance. *Jacobs v. Wainwright*, 450 So. 2d 200, 202 (Fla. 1984). Moreover, Petitioner has failed to demonstrate that the result of his direct appeal would have been different if counsel had "federalized" the claims, and, therefore, he has not shown that he was prejudiced by appellate counsel's performance. Issue Three is denied.

As to Issues One, Two, and Three, the Court finds that Petitioner has failed to meet his burden of proving that the state court's rulings on these issues were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, Claim Two is denied in its entirety.

C.    **Claim Three**

Petitioner states that that he received ineffective assistance of counsel based on the following: (1) counsel failed to file a notice of expiration of speedy trial or move to dismiss the State's use of an amended information to circumvent Petitioner's right to a speedy trial; (2) counsel failed to file a motion for new trial based on the verdict being contrary to the weight of the evidence; (3) counsel failed to call Detective Riley to testify at trial; and (4) counsel failed to present critical evidence establishing the victim's bias.

10

(Doc. 1 at 12-18). These issues were raised in Petitioner's Rule 3.850 motion and were denied.

   1.   *Issue One*

Petitioner argues that counsel failed to file a notice of expiration of speedy trial or move to dismiss the State's use of an amended information to circumvent Petitioner's right to a speedy trial.[4] Petitioner states, after his speedy trial time had elapsed, "the State filed an amended Information charging the Petitioner with more severe charges than originally filed." (Doc. 1 at 13).

Petitioner's counsel, William Jay, waived Petitioner's right to a speedy trial because he was still engaged in conducting discovery. The case was set for a pretrial conference on March 9, 2010, and for a jury trial during the trial period beginning on March 22, 2010. (*Id.* at 395). However, Jay filed a notice of taking the deposition of the victim on March 8, 2010, setting the deposition for April 9, 2010. (Doc. 10-1 at 424). Further, on March 10, 2010, Jay filed a motion to continue stating that he was waiving speedy trial and that a continuance was necessary in order to take the deposition on April

---

[4] The Office of the Public Defender ("Public Defender's Office") was appointed to represent Petitioner with the caveat that Petitioner intended to hire Merrile Glover-Gambles. (Doc. 10-1 at 395). On December 2, 2009, Glover-Gambles filed a notice of appearance, and the trial court then granted the Public Defender's Office motion to withdraw. (*Id.*). On December 11, 2009, William R. Jay filed a notice of appearance. (*Id.* at 422). Glover-Gambles and Jay later withdrew as counsel, and, on May 6, 2010, Elizabeth Bourdon from the Public Defender's Office, was appointed to represent Petitioner. (Doc. 1 at 13).

9, 2010. (*Id.* at 424). The trial court granted the motion and noted that the defense was not sufficiently prepared for trial. (*Id.*).

A defendant's right to a speedy trial is waived when a continuance is granted. *State v. Riechmann*, 777 So. 2d 342, 365 (Fla. 2000). This waiver applies even when the attorney requests the continuance without consulting the defendant or against the defendant's wishes. *State v. Kruger*, 615 So. 2d 757, 759 (Fla. 4th DCA 1993). Here, Jay properly waived the right to a speedy trial in order to adequately prepare for trial.

Moreover, the amended information was proper since speedy trial had been waived. Thus, Petitioner's counsel was not ineffective for failing to challenge the amended information. As such, the Court finds that counsel did not act deficiently with regard to this issue, and there has been no showing of prejudice. Issue One is denied.

    2.    *Issue Two*

Petitioner states that counsel failed to file a motion for new trial based on the verdict being contrary to the weight of the evidence.

During the victim's testimony, Petitioner's counsel objected to a written statement made by the victim because it had not been revealed in discovery and further requested a mistrial. (Doc. 16-1 at 36, 42). The trial court found that there was a discovery violation and precluded the State from discussing the statement; however, the trial court denied the request for a mistrial. (*Id.* at 41-43). After further argument, the trial court granted a judgment of acquittal as to Count Two. (*Id.* at 45).

12

After the State rested, Petitioner's counsel moved for a judgment of acquittal on the aggravated battery count (Count Four). (*Id.* at 69-70). The trial court granted the motion in part finding that the evidence was sufficient only to support a misdemeanor battery. (*Id.* at 69). After the defense rested, Petitioner's counsel again moved for a judgment of acquittal, which the trial court denied. (*Id.* at 87). Finally, at sentencing, Petitioner's counsel moved for a mistrial based on the discovery violation, which was denied. (Doc. 10-1 at 68-77).

The record reflects that Petitioner's counsel moved for a judgment of acquittal and for a mistrial. The trial court granted portions of the judgment of acquittal request. Petitioner has failed to show that counsel acted deficiently with regard to this matter or that he sustained prejudice. Issue Two is denied.

    c.    *Issue Three*

Petitioner alleges that counsel failed to secure Detective Riley as a witness. He states that Detective Riley would have testified that the victim told him that Petitioner "never sexually penetrated or assaulted her with his hands or otherwise . . . ." (Doc. 1 at 15).

At sentencing, Petitioner mentioned that counsel had informed him that he would call Deputy Riley to testify at trial but that counsel failed to do so. (Doc. 10-1 at 82-83). Petitioner's counsel explained that she made the strategic decision not to call Deputy Riley as a witness because the victim "admitted in her depo she never told the detective [about an assault] . . . [and, as a matter of trial strategy] . . . there's no need for the detective

to then get on the stand to say the same thing that [the victim] already said." (*Id.* at 88). As discussed by the trial court in denying relief on this issue, Petitioner's counsel "could not call a witness solely to impeach the Victim about something she had already admitted during her testimony." (*Id.* at 403).

Under the circumstances, the Court finds that Petitioner has failed to show that counsel acted deficiently with regard to this matter or that he sustained prejudice. Issue Three is denied.

### d. Issue Four

Petitioner states that counsel failed to present evidence of the victim's bias, prejudice, and motive at trial. According to Petitioner, the victim had motive to lie because Petitioner had filed charges against her for grand theft, because the victim harassed him by leaving hostile e-mails and telephone messages, and because Petitioner refused to continue their relationship.

At sentencing, Petitioner's counsel stated that she repeatedly discussed the grand theft issue with Petitioner. (*Id.* at 95-96). The grand theft allegations were made in September, and the victim did not come forward with the assault allegations until April. (*Id.*). Petitioner's counsel believed that it was too lengthy a time-period to be a plausible motive to lie. (*Id.* at 95). Petitioner's counsel noted that "[i]f it had been made directly around the time that the incident occurred, then it makes for a stronger argument regarding that." (*Id.*). Petitioner's counsel discussed with Petitioner that raising this issue

"was going to make him look bad," and the decision not to raise the issue was "trial strategy." (*Id.*).

Petitioner next mentions that the victim harassed him by leaving hostile e-mails and telephone messages. As discussed by the trial court, "this information was restricted by the trial court by an *in limine* order," and "[if] this testimony was excluded by the Court based on the State's motion *in limine*, Defendant cannot argue that [counsel] should have elicited this testimony." (*Id.* at 404). The Court also notes that the victim admitted on cross-examination that she had contact with and saw Petitioner after the incident. (Doc. 16-1 at 65-66).

Under the circumstances, the Court finds that Petitioner has failed to show that counsel acted deficiently with regard to this matter or that he sustained prejudice. Issue Four is denied.

As to Issues One, Two, Three, and Four, the Court finds that Petitioner has failed to meet his burden of proving that the state court's rulings on these issues were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, Claim Three is denied in its entirety.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents

and to close this case.

**DONE and ORDERED** in Orlando, Florida on April 11, 2018.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 4/11